1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KORY NIELSEN,

                    Petitioner,

       v.

MAGGIE MILLER-STOUT,

                  Respondent.

Case No.  C07-5192FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**September 21, 2007**

      This habeas corpus action, filed pursuant to 28 U. S.C. 2254,  has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.  Petitioner is represented by counsel (Dkt. # 1).

<u>FACTS</u>

      The issue presented in this petition is whether the Supreme Court decision in <u>Blakely</u> applies retro actively to cases that were final before <u>Blakely</u> was decided.  <u>Blakely v Washington</u>, 542 U.S. 296 (2004).  Petitioner challenges his 1998 Jefferson County conviction for homicide by abuse (Dkt. # 5, page 1). He received a 640-month sentence (Dkt. # 5, page 1).  The standard range under Washington guidelines for homicide by abuse would have limited the sentence to 320 months. Petitioner was sentenced on December 10, 1998 (Dkt. # 5, page 1).

1    On direct appeal, petitioner challenged an alleged violation of the speedy trial rule, joinder of

2    his trial with a co-defendant's, and three jury instructions.  The conviction and sentence were

3    affirmed August 3, 2001 (Dkt. # 5, page 2).  The decision affirming his conviction and sentence was

4    after the Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), but before the

5    Supreme Court decision in Blakely v Washington, 542 U.S. 296 (2004).

6    Petitioner sought discretionary review and challenged two jury instructions and for the first

7    time challenged the sentence claiming the circumstances on which the exceptional sentence were

8    based were already contemplated in the crime (Dkt. # 5, page 3).  Review was denied November 13,

9    2003.  A mandate was issued December 12, 2003 (Dkt. # 13, Exhibit 11).  The decision and mandate

10   were before the Supreme Court decision in  Blakely v Washington, 542 U.S. 296 (2004).

11   After the 2004 Blakely decision, petitioner filed a Personal Restraint Petition arguing Blakely

12   applies retroactively and again raising the speedy trial issue (Dkt. # 5, page 3).  The conviction and

13   sentence were affirmed October 6, 2006 (Dkt. # 13, Exhibit 16).  A motion for discretionary review

14   with the State Supreme Court was filed and the only issue raised was that the exceptional sentence

15   violates the holdings in Apprendi and Blakely (Dkt., # 5, page 5).  The petition was denied January

16   29, 2007 (Dkt. # 5, page 6).  The Ninth Circuit has decided  Blakely does not apply retroactively.

17   Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005).

18   The facts of the underlying crime were summarized by the Washington State Supreme Court

19   as follows:

20        Berube and Nielsen each made a call to the 9-1-1 dispatch at approximately
         3:30 a.m. on April 24, 1998 to report that Berube's 23-month-old son, Kyle Theis,
21       was cold and not breathing. Paramedics who arrived at the home were unable to
         revive Kyle and he was pronounced dead at the hospital at 4:45 a.m. Emergency
22       room doctors noticed extensive bruising on Kyle, one doctor even observing that
         Kyle presented with the largest number of bruises he had seen on one child's body at
23       one time.

24        Kyle's bruises were numerous and varied in age. There was extensive bruising
         on his forehead, cheeks and around both ears. He had numerous bruises on his upper,
25       middle and lower back, and several abrasions on his shoulder. Kyle also had bruises
         all over his arms, hands, near his groin, and on his left calf and foot. There were
26       bruises on his chest, neck and abdomen, which included "pattern injuries" on the chest
         and abdominal area. The pattern injury to the chest was consistent with being hit with
27       a belt.

28

REPORT AND RECOMMENDATION
Page - 2

1
2

  Kyle had two areas of significant hair loss. One of the areas had a small abrasion and some bruising within it. The hair that was left in the areas indicated that it was a traumatic loss of hair that was pulled out at different times. Kyle also had a one-inch wide and one-half inch deep gaping injury to the frenulum in his upper lip.

3
4
5
6

  The autopsy revealed that Kyle had two skull fractures, two subdural hemotomas, subarachnoid hemorrhages, and retinal hemorrhages in both of his eyes. One of the subdural hemotomas was acute and most likely occurred within 24 hours of Kyle's death. The autopsy showed a lower back spinal injury that was likely caused by a twisting motion or by being slammed into a sitting position. Kyle's cause of death was classified as inflicted injury resulting from blunt force impact to the head.

7
8
9

  Berube and Nielsen were both charged by amended information with homicide by abuse, as principal or accomplice, on June 10, 1998. Their cases were consolidated for trial by agreed order on May 22, 1998. Berube filed a motion to continue trial, which the State agreed to, and the trial court set the trial for September 9, 1998. Nielsen opposed the continuance on the grounds of speedy trial and unsuccessfully sought to sever the two cases.

10
11

  The jury found Berube and Nielsen guilty of homicide by abuse and the trial court imposed on each an exceptional sentence of 640 months. . . .

12

(Dkt. # 13, Exhibit 3); See also; State v. Nielsen, 150 Wn.2d 498, 501-03 (2003).

13

## EVIDENTIARY HEARING

14
15
16
17
18
19
20
21
22

  If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). The facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

23

## STANDARD

24
25
26
27
28

  Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief

does not lie for errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).   A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

## DISCUSSION

Only one ground for relief is set forth in the petition for review.  Petitioner states:

> The exceptional sentence above the "standard sentence range" was based on facts determined by a judge(rather than a jury) by the preponderance of the evidence (rather than the reasonable doubt) standard.  Imposition of an exceptional sentence above that statutory standard range without jury findings beyond a reasonable doubt violates both *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

(Dkt. # 5, page 6).

The decision in Apprendi v New Jersey, 530 U.S. 466 (2000), was published before petitioner's conviction became final.  The conviction became final, at the latest, when the Washington State Supreme Court mandate issued on December 12, 2003 (Dkt. # 13, exhibit 11),   The holding in Apprendi is that a defendant has a Sixth Amendment right to have a jury find facts that are used to enhance the sentence beyond the statutory maximum.  Most courts believed there was a difference between the statutory maximum and a sentencing guideline maximum.  This difference is explained in the decisions of the Washington Courts upholding petitioner's conviction and sentence and denying review on his Personal Restraint Petitions (Dkt. # 13, Exhibits 16 and 20).

The decision in Blakely extended the holding in Apprendi to sentencing guideline maximums.  Blakely v. Washington, 542 U.S. 296 (2004).  The effect of the Blakely decision on prior rulings is best described by Justice O'Connor in her dissent in Blakely.  Justice O'Connor Stated:

FN1. The paucity of empirical evidence regarding the impact of extending *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to guidelines schemes should come as no surprise to the majority. *Ante*, at 2540-2541. Prior to today, only one court had ever applied *Apprendi* to invalidate application of a guidelines scheme. Compare *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), with, *e.g., United States v. Goodine*, 326 F.3d 26 (C.A.1 2003); *United States v. Luciano*, 311 F.3d 146 (C.A.2 2002); *United States v. DeSumma*, 272 F.3d 176 (C.A.3 2001); *United States v. Kinter*, 235 F.3d 192 (C.A.4 2000); *United States v. Randle*, 304 F.3d 373 (C.A.5 2002); *United States v. Helton*, 349 F.3d 295 (C.A.6 2003); *United States v. Johnson*, 335 F.3d 589 (C.A.7 2003) *(per curiam)*; *United States v. Piggie*, 316 F.3d 789 (C.A.8 2003); *United States v. Toliver*, 351 F.3d 423 (C.A.9 2003); *United States v. Mendez-Zamora*, 296 F.3d 1013 (C.A.10 2002); *United States v. Sanchez*, 269 F.3d 1250 (C.A.11 2001); *United States v. Fields*, 251 F.3d 1041 (C.A.D.C.2001); *State v. Dilts*, 336 Or. 158, 82 P.3d 593 (2003); *State v. Gore*, 143 Wash.2d 288, 21 P.3d 262 (2001); *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001); *State v. Dean*, No. C4-02-1225, 2003 WL 21321425 (Ct.App.Minn., June 10, 2003) (unpublished opinion). Thus, there is no map of the uncharted territory blazed by today's unprecedented holding.

Blakely, 542 U.S. at 321, FN 1. Prior to the <u>Blakely</u> decision, both the Ninth Circuit and the State of Washington had held <u>Apprendi</u> did not apply to an exceptional sentence as long as the sentence was within the statutory maximum. <u>United States v. Toliver</u>, 351 F.3d 423 (C.A.9 2003); <u>State v. Gore</u>, 143 Wash.2d 288, 21 P.3d 262 (2001).

The question the court must answer today is whether the <u>Blakely</u> decision applies in Mr. Nielsen's case.  The Ninth Circuit has held <u>Blakely</u> does not apply retroactively. <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005).  That case was an appeal of a decision from the United States District Court for the Western District of Washington.  The decision by the Ninth Circuit is binding precedent on this tribunal.

Petitioners argue the court may reconsider this issue because a petition for Certiorari was granted in <u>Burton v. Waddington</u>, 142 Fed Appx. 297 (9th Cir. 2005), <u>vacated <i>sub nom</i></u> Burton v. Stewart, _U.S. _, 127 S. Ct. 793 (2007).  <u>Burton</u> was dismissed by the Supreme Court as a second or successive petition.  The court held the District Court lacked jurisdiction to entertain the petition. The issue of whether Blakely applies retroactively is not addressed in the court's holding.  <u>Burton</u> did not overrule the existing precedent in this District. Accordingly, this petition must be dismissed.

<u>CONCLUSION</u>.

Having reviewed the file the court concludes that the petition is without merit.  The petition should be **DISMISSED WITH PREJUDICE**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 21, 2007,** as noted in the caption.

Dated this 23 day of August, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge