UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KORY NIELSEN,

    Petitioner,

    v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C07-5192FDB

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner challenges his exceptional sentence above the "standard sentence range" for his conviction of homicide by abuse; he argues that "imposition of an exception[al] sentence above that statutory standard range without jury findings beyond a reasonable doubt violates both *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner argues that *Apprendi* dictated the holding in *Blakely* so that *Blakely* must be applied to Petitioner's case even though his case was final before *Blakely* was decided.

Respondent argues that the Ninth Circuit has held in *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005) that *Blakely* does not apply retroactively to sentences such as Petitioner's where the judgment became final prior to the issuance of *Blakely*; that the state court decision affirming the sentence was a reasonable application of clearly established federal law as it existed when Nielsen's

ORDER - 1

conviction became final, because the state court determination that Petitioner's sentence did not violate *Apprendi*, which most lower courts believed did not apply to determinate sentences below a traditional statutory maximum. Additionally, Respondent argues that Petitioner cannot show actual prejudice even if one were to conclude that the state court was objectively unreasonable.

The parties have submitted substantial briefs setting forth their arguments. After considering the arguments, the Report and Recommendation will be adopted. *Apprendi* "held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond a prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Washington v. Recuenco*, 126 S. Ct. 2546, 2549 (2006)(quoting *Apprendi* 530 U.S. at 490). *Blakely* e"clarified that 'the 'statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.'" *Recuenco*, 126 S. Ct. At 2549 (quoting *Blakely* 542 U.S. at 303). Thus, *Blakely* extended the *Apprendi* holding for the first time that the "statutory maximum" includes not only the traditional statutory maximum for an offense, but also the top end of a statutorily established standard range for the offense. *Blakely*, 542 U.S. at 303-04. *Blakely* created a new rule because this result "was not <u>dictated</u> by precedent existing at the time the defendant's conviction became final." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)(quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original)). Until *Blakely*, the Court had never applied *Apprendi* in the context of a determinate sentence that fell above a standard range, but below a pre-*Blakely* traditional statutory maximum, and prior to *Blakely*, "only one court had ever applied *Apprendi* to invalidate application of a guidelines scheme." *Blakely*, 542 U.S. at 320 n.1 (O'Connor, J., dissenting)(citing cases). Against this background, Petitioner is not entitled to relief because the state court decision that his sentence did not violate *Apprendi* was a reasonable application of the *Apprendi* rule.

Moreover, to obtain relief based upon a trial error, including an error under *Apprendi* or *Blakely*, the error must have caused actual prejudice. *Recuenco*, 126 S. Ct. At 2552-53. The State

ORDER - 2

court judge extended Petitioner's sentence above the standard range without having a jury find the aggravating factors beyond a reasonable doubt, and the Washington Supreme Court found the aggravating factors to be amply supported.  The three aggravating factors in the case were (1) victim vulnerablility (the child-victim was only 23 months old when killed); (2) abuse of trust (the child was completely dependent upon Berube (the parent) and Nielsen, the Petitioner, (a parent-figure) for his care and well-being; and (deliberate cruelty) repeated beatings with a belt, among other cruelties).  There can be no finding of actual prejudice.

The Magistrate Judge's Report and Recommendation will be adopted, as the State court decision was based on a reasonable application of clearly established Federal law as it existed when Petitioner Nielsen's conviction became final. This Court is bound by *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005)

ACCORDINGLY, IT IS ORDERED:

(1) The Court adopts the Report and Recommendation;

(2) The Ninth Circuit decision in Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), holding that Blakely v. Washington, 542 U.S. 296 (2004) does not apply retroactively is binding precedent on this tribunal.   This petition is **DISMISSED WITH PREJUDICE.**

(3) The clerk is directed to send copies of this Order to Petitioner's counsel, and the hon. J. Kelley Arnold.

DATED this 25th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3